UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHIVA HARRYCHARAN,

                Plaintiff,

     -against-

EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX INFORMATION SERVICES,
LLC; & TRANSUNION, LLC.,

                Defendants.
------------------------------------------------------------------x

**ORDER**

25-CV-5105 (NRM) (PK)

NINA R. MORRISON, United States District Judge:

      Plaintiff Shiva Harrycharan brings this *pro se* action, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1, 2. For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. In order to proceed with this action, Plaintiff is granted 30 days from the date of this Order to either file a Long Form IFP application or to pay the $405.00 filing fee.

      "The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system." *Davis v. N.Y.C. Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. N.Y.C. Health & Hosps. Corp.*, No. 07 CV 1531 (BMC), 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *see also Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give

1

security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute, *see, e.g.*, *Miller v. Smith*, No. 21-CV-2949 (AKT), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823 (AMD), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (citation modified).

Here, Plaintiff states that she is employed and earns $2,700.00 a month, receives income from business, professional, or other self-employment, and has $213.00 in a checking or savings account. ECF No. 2. She states that her monthly expenses are $1,000.00 for rent and $60.00 for internet service. *Id.* She has two financial dependents: her brother, who receives $500.00 in support, and her sister, who receives $400.00 in support. *Id.*

Based on this information, it is unclear whether Plaintiff is truly indigent and unable to pay the filing fee to bring this action. Accordingly, if she wishes to proceed *in forma pauperis*, she must file a Long Form IFP application. She may also simply pay the filing fee if she wishes to proceed with this action immediately.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied without prejudice. To proceed with this action, Plaintiff is granted 30 days from the date of this Order to either file a Long Form IFP application or to pay the $405.00 filing fee.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

        */s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:    October 27, 2025
            Brooklyn, New York